Original Decision Mailed:
January 29, 2013

Redesignation Order Mailed:
July 17, 2013

**UNITED STATES PATENT AND TRADEMARK OFFICE**

———

**Trademark Trial and Appeal Board**

———

Rolex Watch U.S.A., Inc.
v.
AFP Imaging Corporation

———

Opposition No. 91188993
to application Serial No. 77492131
filed on June 5, 2008

———

Decision Redesignated as a Precedent of the Board

———

Brian W. Brokate and Beth M. Frenchman of Gibney, Anthony & Flaherty, LLP and
Gary D. Krugman of Sughrue Mion, PLLC for Rolex Watch U.S.A., Inc..

Norman H. Zivin of Cooper & Dunham, LLP for AFP Imaging Corporation.

———

Before Mermelstein, Taylor and Lykos, Administrative Trademark Judges.

By the Board:

The Board has chosen to redesignate the decision that issued on January 29, 2013 as a

precedent.  A copy of the decision, bearing such designation, is attached.


\#\#\#\#

THIS OPINION
IS A PRECEDENT OF THE
TTAB

Mailed: January 29, 2013

## UNITED STATES PATENT AND TRADEMARK OFFICE

_____

### Trademark Trial and Appeal Board

_____

Rolex Watch U.S.A., Inc.
v.
AFP Imaging Corporation

_____

Opposition No. 91188993
to application Serial No. 77492131
filed on June 5, 2008

_____

ON REMAND FROM THE
UNITED STATES COURT OF APPEAL FOR
THE FEDERAL CIRCUIT

_____

Brian W. Brokate and Beth M. Frenchman of Gibney, Anthony & Flaherty, LLP and Gary D. Krugman of Sughrue Mion, PLLC for Rolex Watch U.S.A., Inc.

Norman H. Zivin of Cooper & Dunham, LLP for AFP Imaging Corporation.

_____

Before Mermelstein, Taylor and Lykos, Administrative Trademark Judges.

Opinion by Lykos, Administrative Trademark Judge:

This case now comes before the Board for consideration of opposer's combined motion (filed November 20, 2012) to vacate the Board's decision to dismiss this opposition proceeding and enter judgment against applicant. The motion is fully briefed.

*I.     Procedural Background*

On June 5, 2008, AFP Imaging Corporation ("applicant") filed an application to register the mark ROLL-X, in standard character format, for "x-ray tables for medical and dental use" in International Class 10, pursuant to Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b), alleging a bona fide intent to use in commerce. Rolex Watch U.S.A., Inc. ("opposer"), based on its prior use and ownership of its federally-registered mark ROLEX for "watches, clocks, parts of watches and clocks, and their cases" opposed the registration of applicant's mark on several grounds; ultimately opposer litigated two of its pleaded claims before the Board -- dilution by blurring under Section 43(c) of the Trademark Act, 15 U.S.C. § 1125(c) and that applicant lacked a bona fide intent to use the mark in commerce when the application was filed.

After the parties conducted a full trial, on December 5, 2011, the Board, in an opinion designated as precedential, found in applicant's favor and dismissed the opposition. On February 8, 2012, opposer timely filed an appeal of the Board's decision with our primary reviewing court, the Court of Appeals for the Federal Circuit ("Federal Circuit"). Shortly thereafter, on March 19, 2012, applicant filed with the Board an express abandonment of its involved application without opposer's consent. Applicant's express abandonment of its application prompted the Federal Circuit to issue an order on August 14, 2012 dismissing opposer's appeal as moot. In that order, the Federal Circuit stated that "[b]y withdrawing its application, [applicant] removed any case or controversy for this court to resolve."

Opposer then filed a motion before the Federal Circuit to modify its August 14 order to vacate the Board's decision and remand the case back to the Board with instructions to deem the involved application abandoned. On November 1, 2012, the Federal Circuit vacated its August 14 order and declined to vacate the Board's decision, but instead remanded this case back to the Board for consideration of "a motion to vacate in the first instance in accordance with *United States Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) ("*U.S. Bancorp*") and for any further proceedings deemed appropriate by the Board."

## II.     *Opposer's Motion to Vacate*

Opposer now requests that the Board vacate its December 5, 2011, decision, dismiss the opposition in accordance with *U.S. Bancorp*, and enter judgment against applicant pursuant to Trademark Rule 2.135 in light of applicant's express abandonment of its application without opposer's written consent.

In the landmark case *U.S. Bancorp, supra,* the Supreme Court held that when a party causes the conditions that lead to a case becoming moot, that party should not be able to obtain an order vacating the lower court decision that was adverse to that party. Vacatur, held the Court, is appropriate if the mootness arises from external causes over which the parties have no control, or from the unilateral act of the prevailing party, but not when the mootness is due to a voluntary act by the losing party, such as a settlement. *Id.* at 25. As the Court explained:

> The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action. [citations omitted]… A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of

circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from the unilateral action of the party who prevailed below.

*Id*. at 24-5.

Based on the record before us, it is clear that applicant, the prevailing party in the Board proceeding, took the "unilateral action" of filing an express abandonment of its application without opposer's consent while opposer's appeal was pending before the Federal Circuit. There is no evidence in the record that the appeal was rendered moot by any "voluntary action" on opposer's behalf. *See Tessera Inc. v. Int'l Trade Comm'n*, 646 F.3d 1357, 98 USPQ2d 1868, 1878 (Fed. Cir. 2011) (vacatur proper where appeal became moot due to "happenstance," not voluntary action by plaintiff). To the contrary, opposer vociferously objects to applicant's abandonment of its application as depriving opposer of the right to obtain appellate review of the Board's adverse decision.

Applicant's argues that it was "forced" to withdraw its application due to costs from litigating against "a much larger competitor." Applicant's financial reasons for abandoning its application are not relevant to our analysis.[1] The fact remains that applicant made the unilateral decision to withdraw its application without first obtaining opposer's permission, thereby mooting opposer's appeal.

---

[1] Of course, we recognize that litigation can sometimes be burdensome, and litigation before the Board is no exception. Nonetheless, oppositions (including appeals of those decisions) are part and parcel of the application process, and reflect the balancing of interests Congress has mandated in the Trademark Act. While it is unfortunate that applicant feels unable to continue to participate in this process, that situation does not change the applicable law.

Under these circumstances, the guidelines set forth under *U.S. Bancorp* mandate that we vacate the Board's final decision in this matter. Indeed, to decide otherwise would be manifestly unfair because applicant's unilateral abandonment of the subject application has frustrated opposer's statutory right to seek review of a decision it believes to be incorrect. In view thereof, the Board's decision is vacated.

We now turn to opposer's request that judgment be entered against applicant pursuant to Trademark Rule 2.135. In relevant part, the rule states:

> After the commencement of an opposition … proceeding, if the applicant files a written abandonment of the application or of the mark without the written consent of every adverse party to the proceeding, judgment shall be entered against the applicant.

It is undisputed that applicant failed to obtain opposer's written consent to expressly abandon the involved application. *See Goodway Corp. v. Int'l Marketing Group Inc.*, 15 USPQ2d 1749, 1750 (TTAB 1990) (applicant's abandonment of certain applications without opposer's written consent resulted in entry of judgment against application with respect to such applications); *Grinnell Corp. v. Grinnell Concrete Pavingstones Inc.*, 14 USPQ2d 2065, 2067 (TTAB 1990) (consent required for abandonment without prejudice regardless of motivation for abandonment). Thus, by operation of Trademark Rule 2.135, judgment is hereby entered against applicant. *See Hiram Walker & Sons, Inc. v. Castlewood Int'l Corp.*, 198 USPQ 191 (CCPA 1978) (court vacated the Board's decision dismissing the opposition after appellee abandoned its trademark applications while case was pending before the court on appeal; court in remanding the case back to the Board for "appropriate"

action, noted "the procedure followed upon abandonment of a trademark application, 37 CFR 2.135.").